NLRB v. EAD Motors, et al.          CV-04-012-SM  07/22/04

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Rosemary Pye, Regional Director of the
First Region of the National Labor
Relations Board, for and on behalf of the
National Labor Relations Board,
    Petitioner

    v.                           Civil No. 04-012-SM
                                        Opinion No. 2004 DNH 107
EAD Motors Eastern Air Devices, Inc.,
    Respondent


**O R D E R**


Pursuant to section 10(j) of the National Labor Relations Act, Rosemary Pye, on behalf of the National Labor Relations Board (the "Board"), seeks injunctive relief against respondent, EAD Motors Eastern Air Devices, Inc., pending final disposition of the Board's administrative complaint against respondent (which is presently pending). See 29 U.S.C. § 160(j). In support of its petition, the Board alleges that EAD Motors violated sections 8(a)(1), (2), and 5 of the Act. EAD Motors disputes the Board's allegations and opposes its request for injunctive relief.

## Discussion

On May 26, 2004, the court held a hearing on the petition, at which both parties appeared and presented oral argument. Subsequently, on June 15, 2004, Administrative Law Judge Martin Linsky issued his decision on the underlying complaint brought by the Board against EAD Motors. A copy of that order is attached to petitioner's Motion to Receive Administrative Law Judge's Decision (document no. 27). Among other things, the ALJ concluded that:

[1.] Respondent violated Section 8(a)(1) and (5) of the Act when it unlawfully declared impasse and unilaterally implemented changes to the terms and conditions of employment of its employees;

[2.] Respondent violated Section 8(a)(1) and (5) of the Act when it failed and refused to turn over to the Union [various] information requested by the Union.

[3.] Respondent violated Section 8(a)(1) and (5) of the Act when it unlawfully withdrew recognition from the Union.

[4.] Respondent violated Section 8(a)(1) and (2) of the Act when it unlawfully assisted, dominated, and interfered with the "Have Your Say" committee, a labor organization within the meaning of Section 8(a)(5) of the Act.

2

> [5.] The above violations of the Act are unfair
>       labor practices affecting commerce within the
>       meaning of Section 2(6) and (7) of the Act.

Id. at 19.


In light of the findings and conclusions made by the ALJ, and based upon the written memoranda and oral argument presented by the parties, the court concludes that the Board has carried its burden of demonstrating entitlement to a preliminary injunction.  Specifically, the Board has shown reasonable cause to believe that respondent engaged in unfair labor practices and has demonstrated that issuing an injunction against continuing unfair labor practices on the part of respondent is both "just and proper."  29 U.S.C. § 160(j).


In reaching this conclusion, the court has considered (and resolved in favor of the Board) the familiar four-part test for granting preliminary relief.  See generally, Pye v. Sullivan Bros. Printers, Inc., 38 F.3d 58, 63 (1st Cir. 1994).  First, in light of the decision issued by the ALJ, the Board has demonstrated a strong likelihood of success on the merits of its claims against respondent.  Second, the court concludes that

3

there exists a potential for irreparable injury in the absence of injunctive relief. As the ALJ determined, the union has been rendered virtually ineffective as a consequence of respondent's unfair labor practices. And, absent judicial intervention, member support for the union will likely erode even further as the administrative case moves through the system. Under those circumstances, respondent's employees would be denied the benefits of good-faith collective bargaining during the period of time leading up to a final resolution of the Board's administrative complaint against respondent - harm that is unlikely to be remedied by the final order in that proceeding.

Third, the relative harm to respondent if injunctive relief is granted is comparatively slight - the status quo will be restored and respondent will be obligated to negotiate in good faith with the union. As noted above, however, in the absence of an injunction, the union and its membership will likely suffer irreparably. Thus, the likely injury to the union if injunctive relief is not granted substantially outweighs any hardship that an injunction would impose on respondent. And, finally, granting the Board's request for injunctive relief is in the public

4

interest - in ensuring that the purposes of the Act are furthered.  See generally Asseo v. Centro Medico Del Turabo, 900 F.2d 445 (1st Cir. 1990).  See also Pye v. Excel Case Ready, 238 F.3d 69 (1st Cir. 2001); Rivera-Vega v. Conagra, Inc., 70 F.3d 153 (1st Cir. 1995).

## Conclusion

For the foregoing reasons, as well as those set forth in the Board's Memorandum (document no. 22) and its Rebuttal Memorandum (document no. 25), the court concludes that the Board has demonstrated its entitlement to the injunctive relief it seeks.

Having considered the pleadings, evidence, briefs, argument of counsel, and the entire record in this case (including the decision of the Administrative Law Judge), the court finds that there is reasonable cause to believe that respondent has engaged in, and is engaging in, acts and conduct in violation of Sections 8(a)(1), (2), and (5) of the Act, which affect commerce within the meaning of Sections 2(6) and (7) of the Act.  The court also concludes that such acts and conduct will likely be repeated or continued unless enjoined.

5

Accordingly, pending the final disposition of the matters presently pending before the National Labor Relations Board, respondent, EAD Motors Eastern Air Devices, Inc., its officers, representatives, agents, servants, employees, attorneys, successors, and all persons acting in concert or participation with them, are hereby enjoined from:

1.    Unlawfully withdrawing recognition of, and ceasing to bargain with, the union;

2.    Refusing to provide information to the union which respondent is legally obligated to provide;

3.    Recognizing, dealing with, or assisting in any manner any labor organization that has not been certified by the National Labor Relations Board to represent respondent's employees, including the "Have Your Say" employee committee established in August of 2003;

4.    Making unilateral changes to the terms and conditions of its employees' employment; and

5.    Otherwise interfering with, restraining, or coercing employees in the exercise of rights guaranteed them by Section 7 of the Act.

Additionally, respondent is affirmatively ordered to:

1.    Immediately recognize and bargain with the union;

6

2. Within ten (10) days of the issuance of this order, restore all terms and conditions of employment as they existed on September 18, 2002, prior to the unilateral changes implemented by respondent;

3. Within ten (10) days of the issuance of this order, provide the union with all lawfully requested information;

4. Immediately withdraw and withhold recognition and assistance from the "Have Your Say" committee established in August of 2003;

5. Post copies of this order and injunction at respondent's Dover facility, where notices to employees are customarily posted, maintaining such posting during the pendency of the Board proceeding, free from all obstructions and defacements, and granting access to agents of the Regional Director of Region One of the Board to monitor compliance with this posting requirement; and

6. Within twenty (20) days of the issuance of this order, serve upon the Regional Director of Region One an affidavit from a responsible official of respondent describing with specificity the manner in which respondent has complied with the terms of this decree, including how it has posted the documents required by this order.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 22, 2004

7

cc: Avrom J. Herbster, Esq.
    Stephen M. Koslow, Esq.
    James A. McCormack, Esq.
    Timothy J. O'Brien, Esq.
    Keith E. Sweeney, Esq.